IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

RCVD - USDC COLA SC
DEC 17 '25 PM 0:47

Justin Novello

-v-

CITY OF WEST COLUMBIA;

Complaint for Violation of Civil Rights

(Non-Prisoner Complaint)

Case No. 3:25-cv-13912-MGL-SVH

*(to be filled in by the Clerk's Office)*

Jury Trial:     ☐ Yes     x No

*(check one)*

I.   The Parties to This Complaint

   A.   The Plaintiff(s)

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

|   |   |
|---|---|
| Name | Christopher Justin Novello |
| Street Address | 1512 Redwood Drive |
| City and County | West Columbia, Lexington County |
| State and Zip Code | South Carolina 29169 |
| Telephone Number | 240-610-8535 |

   B.   The Defendant(s)

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

   Defendant No. 1

|   |   |
|---|---|
| Name: | CITY OF WEST COLUMBIA |
| Job or Title: | Municipality / Government Entity |
| Street Address: | 200 N. 12th Street |

1

        City and County:    West Columbia, Lexington County

        State and Zip Code:    South Carolina 29169

        Telephone Number:    (803) 791-1880

        Capacity: [x] Official capacity

II.    Basis for Jurisdiction

    This action challenges the City of West Columbia's official 'Methods of Administration' under 28 C.F.R. § 35.130(b)(3). Plaintiff alleges that the City's custom of failing to provide a functioning ADA grievance process—while utilizing televised, public forums as the sole avenue for petitioning—constitutes an institutional barrier to access for disabled citizens. Furthermore, the City is a signatory to a 2013 DOJ Settlement Agreement (DJ 204-67-129), making its current failure to provide ADA coordination evidence of Deliberate Indifference at the policymaking level.

    The City of West Columbia receives federal financial assistance and is therefore subject to Section 504 of the Rehabilitation Act.

    Plaintiff is not required to exhaust administrative remedies prior to filing suit under Title II of the ADA.

    A.    Are you bringing suit against *(check all that apply)*:

        ☐    Federal officials (a *Bivens* claim)

2

x       State or local officials (a § 1983 claim)

Section 1983 is invoked solely to establish municipal liability for the City's policies, customs, and practices and is not used to supplant the enforcement scheme of the ADA or the Rehabilitation Act.

B.      Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Plaintiff alleges violations of rights secured by the United States Constitution and federal law, including the following federal statutory rights:

Title II of the Americans with Disabilities Act (42 U.S.C. § 12132);

Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794).

Venue is proper in the Columbia Division of the District of South Carolina because the events giving rise to this action occurred in Lexington County, South Carolina.

C.      Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

_____

_____

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

At all relevant times, the City of West Columbia acted under color of state law through its officials, departments, and policymakers in administering municipal services, enforcing city codes, and establishing policies and customs governing ADA compliance and citizen access to government processes.

III.  Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Claim One – ADA Title II (Denial of Meaningful Access)

Plaintiff is a qualified individual with a disability within the meaning of Title II of the Americans with Disabilities Act. Plaintiff has autism, a neurological disability that substantially limits one or more major life activities, including communication and sensory processing.

The City of West Columbia is a public entity subject to Title II of the ADA.

Plaintiff was excluded from participation in, and denied the benefits of, the City's services, programs, and activities—specifically, access to the City's ADA grievance process and municipal complaint-resolution mechanisms.

Such exclusion and denial occurred by reason of Plaintiff's disability, and by the City's failure to provide reasonable and accessible methods of communication and process once Plaintiff's disability was known.

A.  Where did the events giving rise to your claim(s) occur?

The events giving rise to this action occurred in West Columbia, Lexington County, South Carolina, including at West Columbia City Hall and during official City Council meetings and related communications. 1512 Redwood Drive, West Columbia, SC, 29169.

B.  What date and approximate time did the events giving rise to your claim(s) occur?

Continuous violation from September 9, 2025, through December 12, 2025. Specific dates: (1) Sept 9, 2025 (Denial of Grievance Process); (2) Dec 2, 2025 (Forced Disclosure at Council Meeting); and (3) Dec 12, 2025 (Retaliatory Citation issued 10 days after protected speech).

C.  What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

The public service and program at issue in this action is the City of West Columbia's ADA grievance process and its municipal complaint-resolution system, which is required to be accessible to individuals with disabilities under Title II of the ADA.

**The ADA Policy:** The City maintains public-facing webpages that reference an ADA grievance process while inconsistently identifying the ADA Coordinator, listing no coordinator on one page and identifying the Deputy City Administrator on another. On September 9, 2025, after Plaintiff disclosed his autism in a September 5, 2025 email, the Deputy City Administrator expressly denied the

6

existence of any ADA grievance process. This practice constitutes a method of administration that blocks meaningful access before a disabled citizen can enter the system.

The City's method of administration consists of (1) failing to maintain a visible, functional ADA grievance procedure; (2) concealing or inconsistently identifying the ADA Coordinator; and (3) directing disabled individuals to televised, in-person public council meetings as the sole means of raising ADA-related concerns. This method operates as a systemic barrier to meaningful access for individuals with cognitive and sensory disabilities.

Failure to Train: The City has failed to train its department heads on ADA compliance. On December 12, 2025, the Manager of Code Enforcement admitted on the record that he did not know who the City's ADA Coordinator was. This lack of training was a moving force behind the discriminatory enforcement action taken against the Plaintiff. On September 9th, the Mayor as well as the Deputy City Administrator were both notified of the plaintiff's autism. Yet no communication was offered to the plaintiff regarding ADA accessibility.

Ratification by Final Policymakers: The Mayor and City Council, acting as final policymakers, personally witnessed the disclosure of Plaintiff's disability and requests on December 2, 2025. By failing to intervene and permitting a non-standard form of interaction to continue, the City ratified the lack of ADA training and thereby ratifying the conduct as municipal policy.

The acts and omissions described herein were undertaken pursuant to the City's

7

official policies, customs, and practices, including failure to train employees on ADA compliance, failure to maintain required grievance procedures, and ratification of discriminatory practices by final municipal policymakers. These policies and customs were the moving force behind the denial of meaningful access to Plaintiff.

As a direct and proximate result of the City's failure to maintain ADA-compliant procedures, Plaintiff was denied meaningful access to the City's ADA grievance process. The exclusion described herein is not isolated and reflects a broader practice affecting other similarly situated individuals who were unable to identify or access the City's ADA Coordinator or grievance procedures.

Claim Two – ADA Retaliation

Plaintiff engaged in protected activity by disclosing his disability and requesting accessible means of addressing ADA-related concerns.

Within ten days of Plaintiff's protected activity at the December 2, 2025 City Council meeting, the City issued a code-enforcement citation concerning a condition that had existed for years without prior enforcement.

The temporal proximity and selective enforcement demonstrate a causal connection between Plaintiff's protected activity and the adverse action, in violation of the ADA's anti-retaliation provisions.

The issuance of the citation constitutes an adverse action sufficient to deter a reasonable person from engaging in protected activity.

8

IV.  Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Plaintiff suffered denial of meaningful access to municipal services and programs available to non-disabled citizens, including access to a confidential and structured ADA grievance process.

Constructive Exclusion from Civic Life: Because the City provides no private, structured grievance channel, Plaintiff is effectively banned from petitioning his government in a meaningful and accessible way, as the only offered method (public meetings) meaningfully inaccessible to the Plaintiff due to his known disability.

Availability is not accessibility: The city having been well informed of individuals' disabilities and the Plaintiffs' needs regarding autism did not make accessible to him the means to seek the help that would have given him meaningful access to process and access to government afforded to others.

Retaliatory Chill: The City's allowance of (Code Enforcement) to enforce a "citation" 10 days after the council meeting on an issue that has existed for years only seeks to chill or punish the Plaintiff for speaking out.

V.  Relief

9

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Preliminary Injunction: Enjoin the City from enforcing the retaliatory citation of December 12, 2025 through the ex parte TRO request.

Declaratory Relief: A court order declaring that the City's current ADA provisions have failed and the current system of one size fits all "public council meetings" fails to provide Meaningful Access to disabled citizens, citizens associated with those of the disabled and citizens with cognitive and sensory disabilities.

Mandatory Injunction: Requiring the City to establish a functional, visible, and structured ADA grievance process with a dedicated trained Coordinator who is not also an active department head in conflicting roles.

Training and Compliance Measures: Enjoin the city to understand that when someone has a disability or associated disability makes known to them that disability as covered under ADA Title II the city has a mandate to make known, communicate and make available to that person contact information and processes regarding ADA coordinator and the grievance process.

VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my

10

knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.  For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: DECEMBER 17, 2025

Signature of Plaintiff _____

Printed Name of Plaintiff  CHRISTOPHER J NOVELLO

B.  For Attorneys

Date of signing: _____, 20__.

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

11

Name of Law Firm    _____

Address             _____

Telephone Number    _____

E-mail Address      _____