

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ORANGEBURG DIVISION

| | |
|---|---|
| JUSTIN NOVELLO,<br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>CITY OF WEST COLUMBIA,<br>　　　　　　　　Defendant. | §<br>§<br>§<br>§<br>§CIVIL ACTION NO. 3:25-13912-MGL-KDW<br>§<br>§<br>§ |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER, A PRELIMINARY INJUNCTION, AND HIS APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Plaintiff Justin Novello, who is representing himself, filed this action against Defendant City of West Columbia.

The matter is before the Court for review of two Reports and Recommendations of the United States Magistrate Judge. In the first Report (Report I), the Magistrate Judge suggests to the Court Novello's motion for a temporary restraining order (TRO) and a preliminary injunction (PI) be denied. And, in the second (Report II), the Magitsrate Judge recommends the Court deny Novello's application for leave to proceed in forma pauperis.

If the Court accepts this recommendation, the Magistrate Judge proposes Novello be allowed fourteen days from the date of the order denying indigent status to submit the required filing fee. The Magistrate Judge filed the two Reports in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed both Report I and Report II on December 22, 2025, Novello filed his two sets of objections to the two Reports on December 23, 2025, and a correction to his objections to Report I and a supplement to his motion for a TRO and a PI on December 29, 2025. The Court has carefully considered Novello's objections, correction, and supplement, but holds them to be without merit. It will therefore enter judgement accordingly.

A plaintiff seeking a TRO or a PI must establish: (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Each of the four Winter requirements "must be satisfied as articulated[.]" *Real Truth About Obama, Inc. v. Federal Election Com'n*, 575 F.3d 342, 347 (4th Cir. 2009) (vacated on other grounds).

In Report I, the Magistrate Judge states Novello's "failure to make a clear showing . . . he is likely to succeed on the merits is fatal to his motion and [she] recommends his motion be denied." Report I at 7. In twenty-two pages of objections to Report I, which can be charitably described as a stream-of-consciousness submission, Novello contends

> [t]he Magistrate [Judge] concludes the [Report] with[:] "Therefore, [Novello] has failed to make a clear showing . . . he is likely to succeed on the merits. [His] failure to make a clear showing . . . he is likely to succeed on the merits is fatal to his motion, and the [Magistrate Judge] recommends his motion be denied."

2

> This entire response to [Report I)  aims to address a key finding by [Novello] . . . the Magistrate [Judge] came to conclusions about [him] through a lens that was not complete and not clear.  That the evidence given to the [C]ourt and to the contrary says otherwise. . . . [Novello] categorically denies the conclusion by [the Magistrate Judge], as the conclusions are founded upon an incomplete understanding of the evidence provided.

Objections to Report I at 21 (quoting Report I at 7).

Having made a de novo review of the record, however, the Court wholly agrees with the Magistrate Judge: Novello has "fail[ed] to make a clear showing . . .  he is likely to succeed on the merits[.]" Report I at 7.  Because he must satisfy all of the *Winter* factors to obtain the relief he seeks, his motion for a TRO and a PI must be denied.  Accordingly, the Court will overrule this objection.

In Report II, the Magistrate Judge states as follows: "Reviewing the information before the [C]ourt, and considering the [applicable] tests . . . , [she] recommends the [C]ourt deny [Novello's] [application].  Given his over [redacted] in savings, [he] has adequate funds to pay the filing fee." Report II at 4.  "Therefore," according to the Magistrate Judge, "it does not appear . . . paying the fee would render [him] destitute or impose an undue hardship or effectively block his access to the courts." *Id*.

In deciding whether to grant an application to proceed in forma pauperis, courts have drawn up the following legal tests to consider: "[1] Is petitioner barred from the Federal Courts by reason of his impecunity? [2] Is access to the courts blocked by the imposition of an undue hardship? [3] Is petitioner forced to contribute his last dollar, or render himself destitute to prosecute his claim?" *Carter v. Telectron, Inc*., 452 F. Supp. 939, 943 (S.D. Tex. 1976).

Novello agrees he "is not barred from the federal courts by 'impecunity,'" Objections to Report II at 4.  He also concurs he "is not currently being forced to contribute his last dollar or render himself destitute to prosecute his claim." *Id*.

He, instead, focuses on the undue hardship of brining his claims.  But, the hardships he lists are things such as the time it will take to pursue his claims, and the difficulty in doing so.  But, the courts that have applied the *Carter* list of tests have focused only on the financial hardship of paying the filing fee.  In fact, in *Jordan v. Lott*, No. 3:20-cv-3103-MGL-SVH 10/18/20212021 WL 4841243, at *1 (D.S.C. Oct. 18, 2021), this Court held "[i]t also does not appear . . . paying the fee would . . . impose an undue hardship or effectively block [the plaintiff's] access to the courts." Consequently, because Novello fails to claim his paying the filing fee will cause him any financial hardship, the Court will also overrule this objection.

The remainder of Novello's objections to Report I and Report II are so lacking in merit as to make any discussion of them unnecessary.  The Court will therefore overrule these objections, too.

After a thorough review of the two Reports and the record in this case pursuant to the standard set forth above, the Court overrules Novello's objections, adopt the two Reports, and incorporates them herein.  It is therefore the judgment of the Court Novello's motion for a TRO and PI, as well as his application for leave to proceed in forma pauperis, are all **DENIED**.

Novello has fourteen days from the date of this order to submit the required filing fee.  If he fails to do so, this action may be dismissed without prejudice.

**IT IS SO ORDERED**.

Signed this 23nd day of July, 2026, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

**\*\*\*\*\***

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

4